NATHAN HAYWARD *vs.* INHABITANTS OF NORTH BRIDGEWATER.

Under the authority given to a jury by the Rev. Sts. *c.* 24, §§ 13, 76, to make any altera
tions that may be prayed for between the termini of a town way laid out by selectmen,
the jury may, on the petition of a party over whose land the way is located, move the
location of a portion of the way, beginning at one terminus thereof, a rod to one side of
the location by the selectmen.

PETITION to the county commissioners setting forth that a
town way two and a half rods in width had been located by
the selectmen of North Bridgewater, beginning at " one rod
west of the west abutment in the bridge west of the dwelling-
house of Oliver Jackson on Crescent Street, running north 9°
east 40 rods and 14 links to a station, thence north 72° west
32 rods and 5 links, on lands of Nathan Hayward, to the east
line of the land of the Fall River Railroad Company ; " and
laid out so far as above set forth over the lands of the petitioner
and praying " that a jury may be ordered to be empanelled, to
view said premises, and to make such alterations in the lines of
said town way, between the termini thereof, and to assess such
damages as they may decide your petitioner has or may sustain
in the premises ; the petitioner being desirous to have a portion
of said town way altered, so as to have the 40 rods and 14 links
thereof, above mentioned, located one rod, or thereabouts, west-
ward."

Pursuant to this petition a warrant was issued, and a jury
summoned, and a trial had, at which the sheriff refused to in-
struct the jury, that a widening of a terminus of a road was
not an alteration, within the meaning of the statute, Rev. Sts. *c.*
24, §§ 13, 76 ; and instructed them, " that they should consider
and act on the prayer of the petition for an alteration in said
town way between the termini ; but inasmuch as the desire of
the petitioner, that a portion of said town way, namely 40 rods
and 14 links, should be moved or located one rod or thereabouts
farther to the westward, included a change of route and of
termini, within the meaning of the statute, they could only con-

6*

sider this part of the petition, in their assessment and estimate of damages sustained by the petitioner over and above the benefits received by him ; said town way being located the whole distance over his own land."

The jury returned a verdict making no alteration in the road, and awarding no damages to the petitioner, and the sheriff certified his ruling to the court of common pleas. That court set aside the verdict, and the respondents appealed.

*J. White*, for the respondents.

*A. L. Cushing*, for the petitioner.

DEWEY, J. The petition for a jury in this case indicates with sufficient particularity the purpose of the petition to be to change the location of the road for the extent of forty rods and fourteen links, by locating the same anew one rod to the westward, and extending to the terminus of the proposed road as located by the selectmen.

The only real question is, therefore, whether it was competent for a jury to make the proposed alteration, if, in their opinion upon the evidence, such alteration was proper. It is insisted by the respondents, that such alteration would be contrary to the well established rule, that the jury can only make alterations between the termini of the road as previously located. That rule is one of great practical importance, and has been deemed a necessary restriction to give proper effect to the preliminary action of the county commissioners, and has since become incorporated into the statutes. Rev. Sts. *c.* 24, § 13. And by § 76, the jury have the like powers in cases of town ways as had been before provided in respect to highways. The extent of the alterations within the province of the jury is not very distinctly stated in the cases that have occurred ; but the rule must be taken to be, that they are not to change the termini of the road as located by the county commissioners or selectmen. *Merrill* v. *Inhabitants of Berkshire*, 11 Pick. 275. *Lanesborough* v. *County Commissioners*, 22 Pick. 281. *Gloucester* v. *County Commissioners*, 3 Met. 375.

The present application does not, in our view, violate that rule. The proposed change would leave the terminus of the

road at substantially the same place. The removal of the line one rod to the westward, as prayed for, is wholly a change upon the land of the petitioner, and leaves the terminus at the same place, though a portion of the road will be a rod farther west and is therefore within the powers conferred upon the jury.

*Verdict set aside.*